# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LINDA GILBERT,** a citizen of the State of Michigan, individually, and on behalf of all others similarly situated, **PATRICIA GRAVES,** a citizen of the State of Michigan, individually, in her fiduciary capacity as Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated, **FRANK AMEDURE, JR.,** a citizen of the State of Michigan, individually, in his fiduciary capacity as Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated, and **GEOFFREY N. FIEGER,** a citizen of the State of Michigan,

C.A. No. 03-60185

Hon. Marianne O. Battani

PLAINTIFFS,

-v-

**JOHN D. FERRY, JR.,** individually, and in his official capacity as State Court Administrator of the State of Michigan, **MAURA CORRIGAN,** individually, and in her official capacity as Chief Justice of Michigan, **CLIFFORD W. TAYLOR,** individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, **ROBERT P. YOUNG, JR.,** individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, and **STEPHEN J. MARKMAN,** Individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, jointly and severally,

DEFENDANTS.

---

Richard L. Steinberg (P25862)
RICHARD L. STEINBERG, P.C.
Attorneys for Plaintiffs
615 Griswold Street, Suite No. 1724
Detroit, MI 48226-3990
(313) 962-3738

---

## PLAINTIFFS' FIRST AMENDED BILL OF COMPLAINT
## AND DEMAND FOR TRIAL BY JURY



NOW COME the Plaintiffs, by and through their attorneys, Richard L. Steinberg, P.C., and pursuant to Fed. R. Civ. P. 15(a), and for their First Amended Complaint, do hereby allege and declare as follows:

## I. JURISDICTION

1. This is a civil action seeking equitable, declaratory, and injunctive relief, vindicating the rights, privileges, and immunities guaranteed to the Plaintiffs, and to each of them, by the Constitution of the United States.

2. Jurisdiction is conferred upon this Honorable Court and is founded upon 28 U.S.C. §§ 1331, 1134(a)(4), and 42 U.S.C. §§ 1983; 1985.

3. Jurisdiction is further conferred upon this Honorable Court and is founded upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## II. PARTIES

4. Plaintiff, LINDA GILBERT [hereinafter referred to as "the Plaintiff Gilbert"] is, and was at all times material hereto, a citizen of the United States, and of the State of Michigan, and a resident of this judicial district. The Plaintiff Gilbert sues individually, and on behalf of all others similarly situated.

5. Plaintiff, PATRICIA GRAVES [hereinafter referred to as "the Plaintiff Graves"] is, and was at all times material hereto, a citizen of the United States, and of the State of Michigan, and a resident of this judicial district. The Plaintiff Graves sues individually, in her fiduciary capacity as Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated.

6. Plaintiff, FRANK AMEDURE, JR. [hereinafter referred to as "the Plaintiff Amedure"] is, and was at all times material hereto, a citizen of the United States, and of the State

of Michigan, and a resident of this judicial district. The Plaintiff Amedure sues individually, in his fiduciary capacity as the Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated.

7. Plaintiff, GEOFFREY N. FIEGER [hereinafter referred to as "the Plaintiff Fieger"] is, and was at all times material hereto, a citizen of the United States, and of the State of Michigan, and a resident of this judicial district.

8. Defendant, JOHN D. FERRY, JR. [hereinafter referred to as "the Defendant Ferry"] is, and was at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Michigan. The Defendant Ferry is, and was at all times material hereto, the State Court Administrator of the State of Michigan, acting under color of State law. The Defendant Ferry, as State Court Administrator, has those duties set forth in MCL 600. 225(1); MCL 600.225(2); MCR 8.103 and MCR 8.104, including, but not limited to, the duty of assigning judges to courts in need of assistance. Under the facts and circumstances of this case, the Michigan Supreme Court is "a court in need of assistance" within the meaning of the Rule and the Defendant Ferry has the authority coequal with the Michigan Supreme Court to assign a judge of any court to sit as a judge in any other court in the State of Michigan. Said Defendant is sued individually and in his official capacity.

9. Defendant, MAURA CORRIGAN [hereinafter referred to as "the Defendant Corrigan"] is, and was at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Michigan, and a resident of this judicial district. The Defendant Corrigan is, and was at all times material hereto, the Chief Justice of Michigan, acting under color of State law. Said Defendant is sued individually and in her official capacity.

10. Defendant, CLIFFORD W. TAYLOR [hereinafter referred to as "the Defendant Taylor"] is, and was at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Michigan. The Defendant Taylor is, and was at all times material hereto, an Associate Justice of the Michigan Supreme Court, acting under color of State law. Said Defendant is sued individually and in his official capacity.

11. Defendant, ROBERT P. YOUNG, JR. [hereinafter referred to as "the Defendant Young"] is, and was at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Michigan, and a resident of this judicial district. The Defendant Young is, and was at all times material hereto, an Associate Justice of the Michigan Supreme Court, acting under color of State law. Said Defendant is sued individually and in his official capacity.

12. Defendant, STEPHEN J. MARKMAN [hereinafter referred to as "the Defendant Markman"] is, and was at all times material hereto, upon information and belief, a citizen of the United States, and of the State of Michigan. The Defendant Markman is, and was at all times material hereto, an Associate Justice of the Michigan Supreme Court, acting under color of State law. Said Defendant is sued individually and in his official capacity.

## CLASS ACTION

13. Plaintiffs Gilbert, Graves and Amedure seek to represent a class of persons who are the present or future clients of the Plaintiff Fieger, whose cases are controversies are, or will be, subject to review by the Michigan Supreme Court, as currently constituted.

14. The class of persons so described is too numerous for joinder of all of its members to be practicable.

15. There are questions of law or fact common to the class.

3

16. The claims of the named Plaintiffs are typical of the claims of the class members.

17. The named Plaintiffs will fairly and adequately represent and protect the interests of the class members.

### III. CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

18. The Plaintiff Gilbert is, separately, the Plaintiff in a civil action styled, *Linda Gilbert v. Daimler Chrysler Corporation,* Civil Action No. 94-409-216-NH (Wayne County Circuit Court). In the pretrial proceedings and at trial, the Plaintiff was represented by the Plaintiff Fieger. The Plaintiff Gilbert obtained a substantial judgement against the Daimler Chrysler Corporation, which was unanimously affirmed by the Michigan Court of Appeals, 2002 Mich. App. LEXIS 1168 (July 30, 2002) (*per curiam*). Thereafter, a Motion For Rehearing was denied.

19. Thereafter, the Michigan Chamber of Commerce and the United States Chamber of Commerce each, separately, filed a Motion For Leave To Appear as *Amicus Curiae* in support of a pending Application For Leave To Appeal in the Michigan Supreme Court. On the same day, the Michigan Supreme Court granted the motion and granted the application. 468 Mich. 883; 661 NW2d 232 (2003). Prior to the date the Motion For Leave To Appear as *Amicus Curiae*, neither the Michigan Chamber of Commerce nor the United States Chamber of Commerce had exhibited any known interest in the Plaintiff Gilbert's underlying lawsuit, nor had either sought to participate therein.

20. Upon information and belief, three of the Defendants Corrigan, Taylor, Young, and Markman, received the approximate sum of Three Million Dollars ($3,000,000.00) in campaign contributions from one, or more, of their *Amicus Curiae,* in the election cycle of 2000. Justice Elizabeth Weaver and the Defendant Young received the approximate sum of One

4

Million Dollars ($1,000,000.00) in campaign contributions from one or more of their *Amicus Curiae*, in the election cycle of 2002. The receipt of these funds, and the expectation of future, similar, campaign contributions, constitutes a direct, personal, substantial, and pecuniary interest in the outcome of the Plaintiff Gilbert's case, and creates the fact of extrajudicial, actual bias or prejudice or the unlawful and disqualifying appearance of same.

21. The Plaintiffs Graves and Amedure are, separately, Plaintiffs in a civil action, styled, *Patricia Graves and Frank Amedure, Jr., Personal Representatives of the Estate of Scott Amedure, Deceased v. Warner Brothers, etc., et al.,* Civil Action No.: 95-494-536-NZ (Oakland County Circuit Court). The Plaintiffs Graves and Amedure, on behalf of the Estate of Scott Amedure, Deceased, were represented in the pretrial proceedings, at trial and on appeal by the Plaintiff Fieger. The Plaintiffs Graves and Amedure obtained a substantial judgment against the Defendants in that case, which was reversed by a divided Court of Appeals, 253 Mich. App. 486; 656 N.W.2d 195 (2002). The Michigan Supreme Court denied leave to appeal, over the dissents of Justice Kelly and Justice Cavanaugh. An Application For Rehearing is pending, at the present time, before the full Court. The public expression of personal, political, and professional animus against the Plaintiff Fieger, who is the lawyer for the Plaintiffs Graves and Amedure, has deprived and continues to deprive the Graves and Amedure Plaintiffs of their Fourteenth Amendment right to a fair hearing before an impartial tribunal and is the product of actual, pervasive bias or prejudice harbored by the Defendants Corrigan, Taylor, Young and Markman, or the unlawful and disqualifying appearance of same.

22. The Plaintiffs Gilbert, Graves and Amedure have, as citizens of the United States, the right to a fair hearing before an impartial and independent tribunal, a right guaranteed by the

5

Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

23. The Plaintiff Fieger has, as a citizen of the United States, the right guaranteed by Fourteenth Amendment to the Constitution of the United States to purse his chosen profession, avocation, and occupation free from reprisal for exercising his First Amendment rights.

24. The Defendants Ferry, Corrigan, Taylor, Young, Markman, and all those in active concert or participation therewith, have deprived, and continue to deprive, the Plaintiff Fieger's civil rights by the expression of public, personal, political, and professional animus, as well as by actively pursuing disciplinary proceedings against him before the Attorney Grievance Commission, in reprisal for exercising, *inter alia,* his First Amendment rights, including, but not limited to:

> a) on March 25, 1996, the Defendant Corrigan (then a Judge of the Court of Appeals) personally filed a Request For Investigation with the Attorney Grievance Commission initiating attorney disciplinary proceedings against the Plaintiff Fieger. The Request For Investigation alleged, *inter alia,* that the Plaintiff Fieger had engaged in "conduct [which] adversely reflects on the lawyers's honesty, trustworthiness, or fitness as a lawyer....";
>
> b) In the case of *Grievance Administrator v. Fieger,* Case No. 94-185-GA, the Attorney Discipline Board has dismissed the case *four* times. After each dismissal, the Michigan Supreme Court has remanded with instructions for further consideration;
>
> c) In a plenary session address to the Republican Party State Convention on August 26, 2000, Mr. Justice Robert P. Young, Jr. stated in words, or in effect, that he perceived that he, and other members of the Republican-controlled Supreme Court, were hated "by Geoffrey Fieger and his trial lawyer cohorts" and that he felt honored to be the subject of such obloquy;
>
> d) In the 2000 Election Cycle, although the Plaintiff Fieger was not a candidate for any elective office, Justice Young, Justice Markman, and Justice Taylor, and their supporters, repeatedly and publicly excoriated

their opponents, as "the Fieger team;" "Geoffrey Fieger's friends;" and "Geoffrey Fieger liberals...weak on crime and wrong for Michigan;"

e) Also in the 2000 Election Cycle, in response to newspaper editorial comment critical of so-called "attack ads" in the election by the Democratic candidates, or their supporters, Justice Young, Justice Markman, and Justice Taylor, or their supporters, counter-attacked with commercial announcements that: "[o]nly trial lawyers like Geoffrey Fieger would be proud of those ads;"

f) During the 2000 Election Cycle, during a fund-raiser, Justice Taylor improperly and implicitly threatened reversal of the Plaintiff Fieger's cases, and specifically the cases of the Plaintiff Gilbert and the Plaintiffs Graves and Amedure, when he without reason told his supporters: "Geoffrey Fieger has $90 million in lawsuit awards pending in the State Court of Appeals;" which reference, of necessity, would have to have included the Graves, Amedure Plaintiffs' judgment of $23,332,686.00 and the Gilbert Plaintiff's judgment of $21,000,000.00;

g) Further in the 2000 Election Cycle, in a second commercial announcement advocating the re-election of Justice Young, Justice Markman, and Justice Taylor, the voiceover proclaimed: "Some people will do anything to get elected. No wonder Geoffrey Fieger, Jesse Jackson and the trial lawyers support Robinson, Fitzgerald and Thomas;"

h) Other material supporting the re-election of Justice Young and Justice Markman in the 2000 Election Cycle infamously contended that Judge Tom Fitzgerald of the Michigan Court of Appeals had given "a light sentence" to a convicted child molester; and that, by implication, the Plaintiff Fieger endorsed leniency toward child molesters;

i) Even prior to the 2000 campaign, an article entitled, "A Common Sense Conservative Court," was published in the Fall, 1999, issue of the *Republican State Committee Victory Line* (Vol. 3, No. 3), pp. 2, 8. The theme of the article was that "[t]ort abuse is ...one of the many areas in which liberals have traditionally used to subvert democracy...." The Plaintiff Fieger is referenced three different times in this article, which asserted that "[r]esistance to reforms comes mainly from liberal judges and their trial lawyer association allies, like Geoffrey Fieger, who find specious legal reasons to upend reform efforts." The article also alleged that: "[t]rial lawyers like Geoffrey Fieger and liberal judges have a long, drawn-out history of protecting each other's interests." The article concluded with the promise that: "[n]ext year, by electing Justices Robert Young, Clifford Taylor, and

7

> Stephen Markman, conservatives can ensure our laws are upheld and judicial abuses are brought to an end." *Id.*; and
>
> j) Former Governor John Engler, the chief political patron of Chief Justice Corrigan and Justices Taylor, Markman, and Young, publicly advocated that the Plaintiff Fieger should be disbarred, in the February, 1993 radio program on WWJ, 950 AM radio, "Ask The Governor," which was, on that occasion, Nationally broadcast on the radio network of the Columbia Broadcasting System (CBS).

25. The Defendants Ferry, Corrigan, Taylor, Young, and Markman, and all those in active concert or participation therewith, have deprived, and continue to conspire to deprive, the Plaintiffs' right to a fair hearing before an impartial tribunal, and the right to be represented by counsel of their choice. The expression of public, personal, political, and professional animus by the Defendants Corrigan, Taylor, Young, and Markman against the Plaintiff Fieger is unprecedented in American jurisprudence and requires recusal to avoid the appearance of bias, prejudice and impropriety. The refusal of the said Defendants, and those who act in concert with them, to recuse themselves from making decisions concerning the Plaintiffs, and their counsel, is further evidence of a conspiracy to deny Plaintiffs a fair hearing as required by due process.

## IV. EQUITY

26. Insofar as the equitable relief sought in this action is concerned, the Plaintiffs, and all those similarly situated, have no adequate remedy at law, or will suffer immediate, continuing and irreparable damage, injury and loss, unless the equitable relief sought in the Plaintiffs' Prayer For Relief is granted.

27. Plaintiffs, and all those similarly situated, submit to the jurisdiction of this Court and, at all times, offer to do equity.

28. Plaintiffs, and all those similarly situated, come before this Court with clean hands.

8

29. Plaintiffs allege that the nature of their injuries, and the injury faced by all others similarly situated, are injuries for which compensation cannot be made by an award of monetary damages, because each involves the public loss of confidence in the judiciary in the State of Michigan, the disruption of the trust and confidence between the Plaintiff Fieger and the other Plaintiffs, as his clients, and those whom they represent as his future clients, as well as a chilling effect upon his ethical obligation to provide each client with zealous advocacy, to the best of his ability.

27. Exhibit A and Exhibit B, attached and annexed the Plaintiff's Verified Bill of Complaint are incorporated by reference hereat as if fully set forth and reprinted herein.

28. The threat that the Plaintiffs cannot, and will not, receive a fair hearing before an impartial and independent tribunal is real, immediate, and continuing.

## V. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray that this Honorable Court shall grant the following relief:

- A. A declaratory judgment that the Defendants, and each of them, has violated the Constitutional Rights of the Plaintiffs, as alleged hereinabove;

- B. A preliminary and permanent injunction restraining and enjoining the Defendant Corrigan, and all those in active participation or concert therewith, from taking any further action in any case pending before the Michigan Supreme Court, and involving any of the Plaintiffs;

- C. A mandatory injunction directing the Defendant Ferry to remove the pending case of *Linda Gilbert v. Daimler Chrysler Corp*, Supreme Court Docket No. 122457, from the regular calendar call of the Court and to re-assign it to a special docket, which case to be heard and decided by a panel of Michigan Appeals Judges, to be drawn at random (excluding the three members of the Court of Appeals who heard and decided the original appeal), and who shall be designated Justices of the Supreme Court of Michigan *Pro Hac Vice*, to sit in the

9

place and stead of those members of the Court who are disqualified from hearing and deciding this case by reason of their lack of impartiality, by their receipt of funds, or by their expression of animus;

D. A mandatory injunction directing the Defendant Ferry to remove the pending case of *Patricia Graves and Frank Amedure, Jr., as Personal Representative of the Estate of Scott Amedure, Deceased –v- Warner Brothers, etc., et al.*, Supreme Court Docket No. 123104, from the regular calendar call of the Court and re-assign it to a special docket, which case to be heard and decided by a panel of Michigan Appeals Judges, to be drawn at random (excluding the three members of the Court of Appeals who heard and decided the original appeal), and who shall be designated Justices of the Supreme Court of Michigan *Pro Hac Vice*, to sit in the place and stead of those members of the Court who are disqualified from hearing and deciding this case by reason of their lack of impartiality, by their receipt of funds, or by their expression of animus;

E. An order awarding Plaintiffs' costs, and attorneys' fees;

F. A waiver of any requirement for any bond or undertaking;

G. Such other and further relief as this Honorable Court shall deem just, equitable, and proper in the premises.

Respectfully Submitted,

RICHARD L. STEINBERG, P.C.

By: _____
RICHARD L. STEINBERG (P25862)
Attorneys for Plaintiff
1724 Ford Building
615 Griswold Street
Detroit, Michigan 48226
(313) 962-3738

Dated: September 15, 2003

First Amended Complaint (9-11-2003).doc

10

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LINDA GILBERT,** a citizen of the State of Michigan, individually, and on behalf of all others similarly situated, **PATRICIA GRAVES,** a citizen of the State of Michigan, individually, in her fiduciary capacity as Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated, **FRANK AMEDURE, JR.,** a citizen of the State of Michigan, individually, in his fiduciary capacity as Personal Representative of the Estate of Scott Amedure, Deceased, and on behalf of all others similarly situated, and **GEOFFREY N. FIEGER,** a citizen of the State of Michigan,

C.A. No. 03-60185

Hon. Marianne O. Battani

PLAINTIFFS,

-v-

**JOHN D. FERRY, JR.,** individually, and in his official capacity as State Court Administrator of the State of Michigan, **MAURA CORRIGAN,** individually, and in her official capacity as Chief Justice of Michigan, **CLIFFORD W. TAYLOR,** individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, **ROBERT P. YOUNG, JR.,** individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, and **STEPHEN J. MARKMAN,** Individually, and in his official capacity as an Associate Justice of the Supreme Court of Michigan, jointly and severally,

DEFENDANTS.

---

Richard L. Steinberg (P25862)
RICHARD L. STEINBERG, P.C.
Attorneys for Plaintiffs
615 Griswold Street, Suite No. 1724
Detroit, MI 48226-3990
(313) 962-3738

---

### JURY DEMAND

NOW COME the Plaintiffs, Linda Gilbert, Patricia Graves, Frank Amedure, Jr., and

Geoffrey N. Fieger, by and through their attorneys, Richard L. Steinberg, P.C., and hereby demand a trial by jury.

Respectfully Submitted,

RICHARD L. STEINBERG, P.C.

By: _____
RICHARD L. STEINBERG (P25862)
Attorneys for Plaintiff
1724 Ford Building
615 Griswold Street
Detroit, Michigan 48226
(313) 962-3738

Dated: September 15, 2003