ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA GILBERT, et al.,

        Plaintiffs,

v.

JOHN D. FERRY, JR., et al.,

        Defendants.

_____/

CASE NO. 03-60185
HON. MARIANNE O. BATTANI

FILED

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Currently before the Court is Plaintiffs' Motion for Reconsideration and/or Rehearing. Plaintiffs raise two challenges to an opinion issued by the Court on December 23, 2003, that granted Defendants' motion for dismissal and denied Plaintiffs' motion for summary judgment. First, Plaintiffs argue that the Court incorrectly held that the absolute judicial immunity doctrine shielded Defendants from declaratory relief. Second, Plaintiffs contend that the Court erred in finding that the Rooker-Feldman doctrine divested the Court of subject-matter jurisdiction. For the reasons stated below, the Court will not disturb its earlier ruling because Plaintiffs have failed to identify a palpable defect by which the parties or the Court have been misled.

The Local Rules for the Eastern District of Michigan provide that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and parties have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Mktg. Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted). Local Rule 7.1(g)(3) also provides that "the court will

-1-

47

not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

In regards to the judicial immunity doctrine, the Court finds that Plaintiffs have failed to identify a palpable defect, because the Court never held that the 1996 Federal Courts Improvement Act (hereinafter "FCIA") immunized judicial officers from declaratory relief. The Court agrees with Plaintiffs that the FCIA was not intended to shield judicial officers from declaratory relief in addition to injunctive relief. In fact, at oral argument, the Court specifically questioned Defendants' counsel on this issue and it was stipulated that the FCIA would not prohibit declaratory relief against the Defendants. Tr. of Mot. Hr'g, p. 51 (Doc. # 44-1). Defendants' stipulation is consistent with the view of the only federal court that has issued a published opinion on this topic. Leclerc v. Webb, 270 F.Supp.2d 779, 792-93 (E.D. La. 2003) (finding "that the FCIA did [nothing] to alter the landscape with respect to declaratory relief...against judges acting in their judicial capacities"). Accordingly, the Court appropriately limited its discussion of the judicial immunity doctrine to the availability of the requested *injunctive* relief.

The Court notes that even if the Rooker-Feldman doctrine did not act to bar an award of declaratory relief, Plaintiffs would still be unable to demonstrate a palpable defect, that when corrected, would lead to a different disposition of the case. The Declaratory Judgement Act confers upon the Court the *discretion* to grant declaratory relief in cases over which it otherwise has jurisdiction. 28 U.S.C. § 2201. "[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of the federal judicial power." Wilton v. Seven Falls Co.,

515 U.S. 277, 287 (1995). Accordingly, the Sixth Circuit has held that district courts may appropriately decline to grant declaratory relief when the relief would increase friction between federal and state courts or facilitate procedural fencing. Aetna Casualty & Surety Co. v. Sunshine Corp., 74 F.3d 685, 688 (6th Cir. 1996). In light of this precedent, the Court finds that granting the requested declaratory judgment would be inappropriate, for it would only serve to create unnecessary friction in the federal-state relationship and would offer no meaningful relief to the Plaintiffs.

Plaintiffs have also failed to demonstrate a palpable defect in the Court's determination that the Rooker-Feldman doctrine divested the Court of subject-matter jurisdiction. Plaintiffs "merely present the same" defense to the Rooker-Feldman doctrine that was previously asserted. L.R. 7.1(g)(3). Namely, Plaintiffs argue that since their federal case was filed before the Michigan Supreme Court ruled upon the motions for recusal and reconsideration, the Rooker-Feldman doctrine has no effect. This argument was considered and rejected by the Court. See Op. and Order Granting Defs.' Mot. to Dismiss and Denying Pls.' Mot. for Summ. J., pp 11-14. The Court rejected this argument on the grounds that the Rooker-Feldman doctrine divests all federal district courts of subject matter jurisdiction to review the final judgments of state courts or issues inextricably intertwined therewith. See generally Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir. 2002). The doctrine applies even when the state court judgment is entered after the proceeding in the federal court is initiated. See Op. and Order Granting Defs.' Mot. to Dismiss and Denying Pls.' Mot. for Summ. J., p.12, n. 7. Since the Court has already ruled upon Plaintiffs' Rooker-Feldman defense, it cannot serve as a

proper basis for a motion for reconsideration.

For the foregoing reasons, the Court finds that Plaintiffs' have failed to demonstrate a palpable defect that misled the parties or the Court in the disposition of this case. Therefore, Plaintiffs' Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

*/s/ Marianne O. Battani*
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were mailed to Richard L. Steinberg and Margaret A. Nelson on this date by ordinary mail.

*/s/ M Peters*
Deputy Clerk

R Steinberg
M Nelson

1/8/04

M Peters